UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re ) | Chapter 7, No. 12-42403-MSH |
| ) |  |
| JEANNINE C. PELUSO ) |  |
| ROBERT P. PELUSO ) |  |
| ) |  |
| Debtors ) |  |
| ) |  |

**APPLICATION TO EMPLOY DENNER PELLEGRINO, LLP
AS SPECIAL COUNSEL
[RE: MEDICAL MALPRACTICE CLAIM]**

To the HONORABLE MELVIN S. HOFFMAN, Bankruptcy Judge:

      Now comes JONATHAN R. GOLDSMITH, ESQ. ("Trustee"), the duly appointed, qualified and acting Chapter 7 Trustee in the above-captioned proceeding, and moves this Honorable Court for an Order pursuant to §327(e) of the U.S. Bankruptcy Code ("Code") authorizing him to employ DENNER PELLEGRINO, LLP as special counsel to represent the Bankruptcy Estate in connection with the Debtors' pending medical malpractice case.  In support of said Application, the Trustee respectfully represents that:

      1.      On June 28, 2012, the above-named Debtor filed a Voluntary Petition under the provisions of Chapter 7 of the Bankruptcy Code.

      2.      On June 29, 2012, JONATHAN R. GOLDSMITH accepted the appointment as Chapter 7 Trustee for the above-entitled estate.

      3.      Among the assets of the Bankruptcy Estate is a medical malpractice claim and loss of consortium claim held by the Debtors arising from certain medical treatment rendered to the Debtor Jeannine in and around November and December 2008 (the "Claim").

4.  On or about November 7, 2011, the Debtors commenced litigation related to the Claim in the Essex County, Massachusetts, Superior Court, in a case styled "Jeannine Peluso and Robert Peluso v. Crawford C. Campbell, M.D., et al" and assigned C.A. No. ESCV2011-2087 (the "Litigation").

5.  Since the Petition Date, the Trustee has had the opportunity to discuss the Claim and Litigation with the attorney retained by the Debtors pre-petition.[1]

6.  The Trustee has discussed the case with Matthew J. King, Esq. ("King"), the attorney at Denner Pellegrino, LLP ("Denner Pellegrino") who is proposed to be primarily responsible for the handling of the Claim and the Litigation on behalf of the Estate. King has had the opportunity to review materials including, the Complaint, medical and expert reports, the offer of proof submitted to the Medical Malpractice tribunal, and to discuss the case with present counsel for the Debtors.

7.  Based upon investigation and discussions with King, the Trustee believes that the Claim is worth pursuing and that, either through settlement or through trial, there is a reasonable likelihood that the Claim will result in recovery for the Bankruptcy Estate.

8.  In light of the above, the Trustee seeks to retain Denner Pellegrino as special counsel to continue with the prosecution of the Claim and Litigation under the same contingency percentage as the pre-petition fee agreement entered into between the Debtors and their current counsel, which terms have been incorporated into a proposed Fee Agreement between the Trustee and special counsel ("Fee Agreement"). A copy of the proposed Fee Agreement is attached hereto as "Exhibit A".

9.  The terms of the proposed Fee Agreement provide that Denner Pellegrino shall receive fees upon a successful recovery on the Claim by way of settlement or trial, and that such

---

[1] Crowe & Mulvey, LLP was retained by the Debtors on a contingent fee basis pre-petition to represent the Debtors in the Claim. However, Crowe & Mulvey, LLP has declined to represent the Estate, based, in part, on unwillingness to comply with the dictates of MLBR 2016-1.

2

fees shall be calculated according to the following percentages of the gross amount collected on the Claim: 40% of the first $150,000.00 recovered; 33 1/3% of the next $150,000.00 recovered; 30% of the next $200,000.00 recovered; and 25% of any amount by which the recovery exceeds $500,000.00.

10.    The terms of the proposed Fee Agreement also provide costs and expenses shall be paid to Denner Pellegrino, but that Denner Pellegrino will advance said costs and expenses, and that any costs and expenses are only to be paid to Denner Pellegrino upon a successful recovery on the Claim.

11.    The Trustee has advised Denner Pellegrino that its fees and expenses are subject to approval by the Bankruptcy Court, and that the payment of any such fees are contingent upon the recovery of assets in this Bankruptcy Estate.  Further, the Trustee has advised Denner Pellegrino that pursuant to the terms of MLBR 2016-1 its attorneys must keep hourly time records in this case, and that such records will be submitted to this Court, together with a Fee Application seeking approval of the payment of fees.

12.    The Trustee seeks to employ Denner Pellegrino as his counsel because of King's experience in litigation of cases of this nature and considering King's knowledge and investigation of the facts surrounding the Claim.

13.    The Trustee submits that it is in the best interest of the Bankruptcy Estate to employ Denner Pellegrino in this matter, and upon information and belief, Denner Pellegrino does not represent or hold any interest adverse to the Debtor or to the Bankruptcy Estate with respect to this matter on which the Trustee seeks to employ it.

**WHEREFORE**, the Trustee prays:

a.  that he be authorized to employ and appoint DENNER PELLEGRINO, LLP as special counsel, on a contingency fee basis; and

    b.  for other and further relief as the Court deems just and proper.

                                    JONATHAN R. GOLDSMITH, TRUSTEE IN
                                    BANKRUPTCY FOR JEANNINE C. PELUSO
                                    AND ROBERT P. PELUSO
                                    By his counsel,

                                    /s/ Jonathan R. Goldsmith
                                    Jonathan R. Goldsmith, Esq.  (BBO No. 548285)
                                    GOLDSMITH, KATZ & ARGENIO, P.C.
                                    1350 Main Street, Suite 1505
                                    Springfield, MA 01103
                                    Tel. (413) 747-0700
Dated:  February 19, 2013

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re )<br> )<br>JEANNINE C. PELUSO )<br>ROBERT P. PELUSO )<br> )<br> Debtors )<br> ) | Chapter 7, No. 12-42403-MSH |

## LEGAL SERVICES AGREEMENT
## BETWEEN BANKRUPTCY ESTATE AND SPECIAL COUNSEL

1. <u>Parties and Legal Services to be Provided</u>. Jonathan R. Goldsmith, Chapter 7 Trustee of the Bankruptcy Estate of Jeannine C. Peluso and Robert P. Peluso ("Trustee"), which case is pending before the United States Bankruptcy Court for the District of Massachusetts, Central Division ("Bankruptcy Court"), does hereby retain, subject to Bankruptcy Court approval and upon the terms provided herein, DENNER PELLEGRINO LLP ("Denner Pellegrino") as Special Counsel to the Estate (hereinafter, the "Client") for the purpose of prosecuting the Debtors' pending litigation in the Massachusetts Superior Court, County of Essex, Case No. 2011-2087, seeking damages for medical malpractice against Crawford C. Campbell, M.D. and other parties (the "Claim").

2. <u>Attorney's Fees.</u> In consideration of the services to be rendered by Denner Pellegrino, Denner Pellegrino shall receive fees calculated according to the following percentages of the gross amount collected on the Claim: 40% of the first $150,000.00 recovered; 33 1/3% of the next $150,000.00 recovered; 30% of the next $200,000.00 recovered; and 25% of any amount by which the recovery exceeds $500,000.00. These fees shall be calculated on the total amount recovered for the Client, whether by way of settlement or award, before deduction of liens, costs and expenses. It is agreed that this employment is on a contingent fee basis. If no recovery is made, the Client shall not owe Denner Pellegrino any sum as attorney's fees. Payment of all fees pursuant to this Section is subject to Bankruptcy Court approval.

3. <u>Costs and Expenses.</u> Costs and expenses include, but are not limited to, court fees, investigation expenses, expert fees, and all other disbursements incurred in the prosecution or settlement of this action. Denner Pellegrino agrees to advance, on behalf of the Client, all out-of-pocket costs and expenses. If no recovery is made, the Client shall not owe Denner Pellegrino any sum for reimbursement of incurred costs and expenses. In the event of a monetary recovery, the Client shall be responsible for all such costs and expenses, but only to be paid out of sums recovered, subject to Bankruptcy Court approval.

4. <u>Manner of Payment and Disbursement of Funds</u>. The gross amount recovered shall be delivered intact and upon receipt to the Trustee. Denner Pellegrino acknowledges and understands that any and all payments chargeable to the gross amount recovered shall be made by the Trustee as required by applicable law and as approved by the Bankruptcy Court. Denner Pellegrino understands that the Bankruptcy Court's approval of payment of the Contingent Fee is governed by the requirements of the United States Bankruptcy Code, and Federal and Local Rules of Bankruptcy Procedure.

5. <u>Responsibilities to the Estate</u>. Denner Pellegrino understands, acknowledges and agrees that Denner Pellegrino's client under this Agreement is the **Trustee** on behalf of the Bankruptcy Estate. In its capacity as Special Counsel for the Estate, as described herein, Denner Pellegrino understands and agrees that its responsibilities to the Estate include, but are not limited to: (i) performing the legal services called for under this Agreement; (ii) keeping the Trustee informed of progress and developments relating to the Claim; (iii) providing quarterly reports to the Trustee on the status of the Claim; (iv) responding promptly to the Trustee's inquiries and communications; and (v) promptly providing the Trustee with pleadings and all documentation relating to any and all liens, claims or encumbrances asserted against the Claim.

6. <u>Provision of Detailed Time Records</u>. Denner Pellegrino understands that Massachusetts Local Bankruptcy Rule 2016-1 requires that Denner Pellegrino must provide the Bankruptcy Court with a written record describing the specific services performed each day, by each person, with the time broken down into units of tenths of hours devoted to such services.

7. <u>Withdrawal</u>. Denner Pellegrino may withdraw as Special Counsel at any time upon reasonable notice to the Trustee and after the filing of a motion to withdraw and approval by the Bankruptcy Court. Notwithstanding Denner Pellegrino's withdrawal, Denner Pellegrino may file

a request for an administrative expense claim against the Estate for all costs advanced by Denner Pellegrino during the period of Denner Pellegrino's employment by the Estate.

8. <u>Termination</u>. The Trustee may terminate Denner Pellegrino at any time by written notice effective when received by Denner Pellegrino. If Denner Pellegrino is the Trustee's attorney of record in any proceeding, the Trustee will execute and return a substitution-of-attorney form upon its receipt from Denner Pellegrino. Notwithstanding the termination, Denner Pellegrino may file a request for an administrative expense claim against the Estate for services provided and costs incurred by Denner Pellegrino during the period of Denner Pellegrino's employment by the Estate.

9. <u>Settlement</u>. Denner Pellegrino agrees not to settle the Claim without the Trustee's prior consent. Denner Pellegrino also understands that any settlement of the Claim is subject to Bankruptcy Court approval. Denner Pellegrino acknowledges and understands that the Trustee has the discretion to structure the terms of any proposed settlement or compromise of the Claim in a manner consistent with the best interests of the Estate, subject to the Bankruptcy Court's approval. Such discretion includes, without limitation, the Trustee's option to direct the allocation of damages attributable to the Debtor's actual pecuniary loss, pain and suffering and/or compensation for loss of future earnings.

10. <u>Court Approval</u>. This Agreement shall be subject to authorization and approval of the Bankruptcy Court in the above-captioned bankruptcy case.

11. <u>Entire Agreement</u>. This agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the date of this Agreement will be binding on the parties.

12. <u>Modification</u>. This Agreement may be modified by subsequent agreement only to the extent that such modification is authorized and approved by Order of the Bankruptcy Court.

Jonathan R. Goldsmith, Trustee in Bankruptcy
of Jeannine C. Peluso and Robert P. Peluso,

Dated:

By: _____
Jonathan R. Goldsmith, Esq. (BBO No. 548285)
GOLDSMITH, KATZ & ARGENIO, P.C.
1350 Main Street, Suite 1505
Springfield, MA 01103

                                        Tel. (413) 747-0700
                                        E-mail: jgoldsmith@gkalawfirm.com

                                        Denner Pellegrino, LLP

Dated: February 13, 2013

                                        By: /s/ Matthew J. King
                                        Matthew King, Esq. (BBO No. 544448)
                                        Denner Pellegrino, LLP
                                        265 State Street
                                        Springfield, MA 01103
                                        Phone: 413-746-4400

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | Chapter 7, No. 12-42403-MSH |
| JEANNINE C. PELUSO<br>ROBERT P. PELUSO | |
| Debtors | |

## SIGNED STATEMENT OF PROFESSIONAL PERSON

    1. I hereby represent that I do not hold or represent any interest adverse to the estate of the above-noted Debtor (11 U.S.C. Section 327). I further represent that no member of my firm holds or represents any interest adverse to the estate.

    2. My, and my firm's connections with the Debtor, creditors, or other parties in interest, their respective attorneys and accountants (Federal Rule of Bankruptcy Procedure 2014(a)) are as follows: None, except that **the Trustee, Jonathan R. Goldsmith, is now seeking to retain the services of Denner Pellegrino, LLP in connection with pursuing the Debtors' medical malpractice claim.**

    3. I hereby represent that I am, and each member of my firm is, a "disinterested person" (11 U.S.C. Section 327) as that term is defined in 11 U.S.C. Section 101(14). **As indicated above, since the Petition Date, I have been consulted by the Chapter 7 Trustee, Jonathan R. Goldsmith, Esq., to be special counsel to the Trustee with regard to this pending claim.**

    4. I hereby represent that neither I nor any member of my firm is disqualified by reason of being a relative of a Judge of the United States Bankruptcy Court for the District of Massachusetts, nor am I or any member of my firm disqualified by reason of being a relative of the United States Trustee for the Districts of Maine, Massachusetts, New Hampshire and Rhode Island (Federal Rule of Bankruptcy Procedure 5002).

    5. I hereby represent that I have agreed not to share with any person the compensation to be paid for the services rendered in this case.

    6. I have not received a retainer in this case.

    7. I shall amend this statement immediately upon my learning that: (a) any of the within representations are incorrect or (b) there is any change of circumstance relating thereto.

8. I have reviewed the provisions of Massachusetts Local Bankruptcy Rule 2016-1.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: 2/13/13

By: _____
Matthew J. King, Esq. (BBO# 544248)
Denner Pellegrino, LLP
265 State Street
Springfield, MA 01103
Phone: 413-746-4400

7

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re )<br><br>JEANNINE C. PELUSO )<br>ROBERT P. PELUSO )<br><br>         Debtors ) | Chapter 7, No. 12-42403-MSH |

DECLARATION RE: ELECTRONIC FILING

    I, **MATTHEW J. KING, ESQ.**, hereby declare under penalty of perjury that all of the information contained in *Application to Employ Special Counsel to the Trustee and Signed Statement of Professional Person* (the "Documents"), filed electronically, is true and correct. I understand that this *DECLARATION* is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this *DECLARATION* may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

    I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and file electronically with the Court are the property of the Bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: February 13, 2013

_____
**MATTHEW J. KING, ESQ.**,
DENNER PELLEGRINO, LLP

10

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re ) | Chapter 7, No. 12-42403-MSH |
| ) | |
| JEANNINE C. PELUSO ) | |
| ROBERT P. PELUSO ) | |
| ) | |
| Debtors ) | |

## ORDER ON TRUSTEE'S APPLICATION TO EMPLOY
## DENNER PELLEGRINO, LLP AS SPECIAL COUNSEL TO THE TRUSTEE

At _____, in said District on this _____ day of _____, 2013.

Upon the Application of JONATHAN R. GOLDSMITH, Trustee in the above-captioned case, seeking to employ DENNER PELLEGRINO, LLP to act as Special Counsel to the Trustee, as more fully set forth in the Trustee's Application, it appearing to be in the best interest of the estate to allow said Application, for cause shown, proper notice having been given and no objections being filed, it is hereby

ORDERED that JONATHAN R. GOLDSMITH, Trustee, is hereby authorized to employ DENNER PELLEGRINO, LLP with an office located at 265 State Street Springfield, MA 01103 to serve as Special Counsel to the Trustee on a contingency fee basis in the above-captioned case, with all fees and expenses subject to further Order of this Court.

_____
HONORABLE MELVIN S. HOFFMAN
Bankruptcy Judge

5

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re ) | Chapter 7, No. 12-42403-MSH |
| ) |  |
| JEANNINE C. PELUSO ) | |
| ROBERT P. PELUSO ) | |
| ) | |
| Debtors ) | |
| ) | |

## **CERTIFICATE OF SERVICE**

    I, JONATHAN R. GOLDSMITH, ESQ., of 1350 Main Street, Suite 1505, Springfield, Massachusetts, do hereby certify that I have served a copy of the within Application to Employ Special Counsel, Signed Statement of Professional Person and Proposed Order upon the parties set forth on the attached Service List by electronic mail, or by mailing, first class, postage prepaid, this 19th day of February, 2013

    /s/ Jonathan R. Goldsmith
    JONATHAN R. GOLDSMITH, ESQ.

8

## SERVICE LIST

| | | |
|---|---|---|
| Richard King<br>Office of US. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608 | Robert R. Thomas<br>Harvey, Kleger & Thomas<br>184 Pleasant Valley Street<br>Methuen, MA 01844 | Jeannine C. Peluso<br>5 Applewood Lane<br>Methuen, MA 01844 |
| Richard T. Mulligan, Esq.<br>Harmon Law Offices, P.C.<br>P.O. Box 610345<br>Newton Highlands, MA 02461-0345 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131 | Robert P. Peluso<br>5 Applewood Lane<br>Methuen, MA 01844 |
| Bank Of America Home Loans<br>Mailstop TX2-981-03-03<br>P.O Box 660694<br>Dallas, TX 75266-0694 | Wells Fargo Auto Finance<br>Asset Recovery Management<br>1310 NW Vivion Rd.<br>Kansas City, MO 64118 | Howard Lee Schiff, P.C.<br>340 Main St.<br>Worcester, MA 01608 |
| Capital One<br>P.O. Box 71083<br>Charlotte, NC 28272-1083 | Wells Fargo Auto Finance<br>PO Box 29704<br>Phoenix, AR 85038 | Sovereign Bank<br>Mail Code: 10-421-CN2<br>Po Box 142646<br>Reading, PA 19612 |
| Discover Financial Services<br>PO Box 30943<br>Salt Lake City, UT 84130 | Matthew King, Esq.<br>Denner Pellegrino, LLP<br>265 State Street<br>Springfield, MA 01103 | |