UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re )<br>)<br>JEANNINE C. PELUSO )<br>ROBERT P. PELUSO )<br>)<br>Debtors )<br>) | Chapter 7, No. 12-42403-MSH |

### JOINT MOTION TO APPROVE SETTLEMENT OF TRUSTEE'S OBJECTION TO DEBTORS' AMENDED EXEMPTIONS
### [RE: EXEMPTION CLAIMED IN DEBTOR'S PERSONAL INJURY CASE]

To the HONORABLE MELVIN S. HOFFMAN, Bankruptcy Judge:

Now comes JONATHAN R. GOLDSMITH, the duly appointed, qualified and acting Trustee in the above-captioned case ("Trustee"), and the Debtors, Jeannine C. Peluso and Robert P. Peluso, and hereby request that this Court approve a settlement negotiated between the parties to resolve the Trustee's Objection to the Debtor's Amended Schedule C exemption claimed in certain proceeds from a personal injury case, as further detailed below.

1.  On June 28, 2012, the above-named Debtor filed a Voluntary Petition under the provisions of Chapter 7 of the Bankruptcy Code.

2.  On June 29, 2012, JONATHAN R. GOLDSMITH accepted the appointment as Chapter 7 Trustee for the above-entitled estate.

3.  The Section 341 Meeting of Creditors in this case was conducted on July 25, 2012.

4.  On October 24, 2012, the Debtors filed a Motion to Amend Schedule C, which was allowed by the Court on November 8, 2012,.

5.  The Debtors' Amended Schedule C (the "Amended Schedule"), claims an exemption in the value of that certain personal injury case listed in the Debtors' original Petition on Schedule B, specifically, a claim for medical malpractice being handled by Crowe & Mulvey, LLP. The Amendment to Schedule C is as follows:

| Description of Property | Exemption Statute Asserted by Debtor | Value of Claimed Exemption | Value Without Deduction Exemption |
|---|---|---|---|
| Claim for medical malpractice- complaint filed late 2011. Claim is not expected to reach litigation for 4 years. Attorney handling claim is Mike Harris at Crowe & Mulvey in Boston. Estimated value of claim is unknown and speculative at this time. | 11 U.S.C. §522(d)(11)(D) | $ 21,625.00 | unknown |

6.  The Trustee filed an Objection to above exemption claimed on the Debtors' Amended Schedule C (the "Personal Injury Claim") on December 5, 2012 (the "Trustee's Objection"). The basis of the Trustee's Objection is that the claimed exemption is improper because 11 U.S.C. §522(d)(11)(D) is limited to payments received by the Debtor "on account of personal bodily injury," and does not include compensation for pain and suffering or compensation for actual pecuniary loss (for example, medical expenses or lost wages).

7.  The Trustee's Objection alleged there is not sufficient documentation or information to enable him to determine what portion of this personal injury case is attributable to "personal bodily injury," and what portion is attributable to pain and suffering, pecuniary loss, or on other non-exempt grounds.

8.  Subsequent to the Trustee's Objection, counsel for the Debtor and the Trustee engaged in negotiation regarding the Trustee's Objection and the Debtor's claimed exemption in the personal injury claim. As a result, the parties reached agreement on a settlement that would resolve the Trustee's Objection, subject to Court approval, as follows: The Debtors' Exemption in the Personal Injury Claim shall be limited to 25% of the proceeds from any recovery on the

Personal Injury Claim by way of settlement or judgment, net of allowed attorney's fees and costs, up to a maximum exemption of $ 21,625.00.

9. Additionally, by their signatures below, the Debtors acknowledge and agree that the Personal Injury Claim is property of the Bankruptcy Estate and that the Trustee has authority to make strategic and settlement decisions regarding the Claim. The Debtors agree to cooperate with the Trustee and/or special counsel retained by the Trustee to pursue the Personal Injury Claim

10. The Trustee asserts that this compromise is fair and reasonable, and in the best interest of the bankruptcy estate, as it provides a certainty that any recovery on the Personal Injury Claim will benefit the Bankruptcy Estate and avoids the cost, risk and delay of further litigation on the Trustee's Objection. The compromise also recognizes that, notwithstanding the Trustee's Objection, that a certain, currently undeterminable portion of any recovery obtained by the Debtors on the Personal Injury Claim would most likely be properly exempted pursuant to 11 U.S.C. §522(d)(11)(D).

11. In evaluating a settlement for the estate, the Bankruptcy Court should assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal. Jeffrey v. Desmond, 70 F.3d 183, 185, quoting In re GHR Cos., 50 B.R. 931 (Bankr.D.Mass. 1985). A Trustee's judgment concerning the justifications for a settlement is ordinarily provided some deference. Hill v. Burdick (In re Moorehead Corp., 208 B.R. 87 (1st Circ. 1997)).

12. PLEASE TAKE NOTICE that any objection to this proposed compromise must be filed with the U.S. Bankruptcy Court, Clerk's Office, United States Courthouse, 595 Main Street, Worcester, MA 01608, within twenty (20) days with a copy to the following: Jonathan R. Goldsmith, Trustee, 1350 Main Street, Suite 1505, Springfield, MA 01103, and the Office of the U.S. Trustee, 446 Main Street, 14th Floor, Worcester, MA 01608; and counsel to the Debtor, Rob Thomas, Esq., 184 Pleasant Valley Street, #1-204, Methuen, MA 01844.

13.     Any objection must state the name and docket number of this case, identify the party objecting to the proposed compromise, and state the specific reasons for the objection. Any reasons not set forth therein will be deemed waived.

14.     If a timely objection is filed, the Court will schedule a hearing on whether the intended compromise should be approved. Any party filing an objection will be expected to appear at the hearing. At that hearing, the Court may take further action without further notice to parties in interest.

WHEREFORE, the Trustee requests the entry of the following Orders:

1. Approving the Settlement set forth herein;
2. Deeming that the Debtor's claimed exemption in the Personal Injury Claim is limited to 25% of the proceeds from any recovery on the Personal Injury Claim by way of settlement or judgment, net of allowed attorney's fees and costs, up to a maximum exemption of $ 21,625.00;
3. Cancelling the hearing on the Trustee's Objection scheduled for February 14, 2013; and,
4. For such other and further relief as is just and proper.

Debtors,
JEANNINE C. PELUSO AND ROBERT P. PELUSO
By their attorney,

/s/ Robert R. Thomas
Robert R. Thomas, Esq. (BBO #639402)
Harvey, Kleger & Thomas
184 Pleasant Valley Street
#1-204
Methuen, MA 01844
Tel. (978) 686-9800

/s/ Jeannine Peluso
Jeannine C. Peluso
Dated: February 20, 2013

JONATHAN R. GOLDSMITH, TRUSTEE IN BANKRUPTCY FOR JEANNINE C. PELUSO AND ROBERT P. PELUSO
By his attorneys,

/s/ Jonathan R. Goldsmith
Jonathan R. Goldsmith, Esq. (BBO# 548285)
Nicholas Grimaldi, Esq. (BBO# 632055)
GOLDSMITH, KATZ & ARGENIO, P.C.
1350 Main Street, Suite 1505
Springfield, MA 01103
Tel. (413) 747-0700
Dated: February __, 2013

/s/ Robert P. Peluso
Robert P. Peluso
Dated: February 20, 2013

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re )<br>)<br>JEANNINE C. PELUSO )<br>ROBERT P. PELUSO )<br>)<br>Debtors ) | Chapter 7, No. 12-42403-MSH |

**CERTIFICATE OF SERVICE**

I, JONATHAN R. GOLDSMITH, ESQ., GOLDSMITH, KATZ & ARGENIO, P.C., 1350 Main Street, Suite 1505, Springfield, Massachusetts, do hereby certify that I have served a copy of the within Motion upon those parties listed below by electronic mail or by mailing, first class mail, postage prepaid, on this 25 day of February, 2013

Richard T. King, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608

JEANNINE C. PELUSO
ROBERT P. PELUSO
5 Applewood Lane
Methuen, MA 01844

Robert R. Thomas
Harvey, Kleger & Thomas
184 Pleasant Valley Street
Methuen, MA 01844

/s/ Jonathan R. Goldsmith
JONATHAN R. GOLDSMITH, ESQ.